IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHATORIA PITTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-302 (MTT) |
| | ) |
| MACON WATER AUTHORITY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### ORDER

Contemporaneously with her complaint (Doc. 3), pro se Plaintiff Shatoria Pitts moves for leave to proceed to proceed *in forma pauperis* ("IFP") in this action. Doc. 4. As discussed below, Pitts satisfies the requirements of poverty, and that motion is **GRANTED**. Along with granting Pitts IFP status, the Court must also screen her complaint pursuant to 28 U.S.C. § 1915(e). After screening, the Court concludes Pitts's complaint is deficient. Thus, Pitts is **ORDERED** to amend her complaint by **SEPTEMBER 27, 2023**.

### I. DISCUSSION

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Where a Plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.

**A. Financial Status**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a).  Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a).  To show poverty, the plaintiff need not show that she is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)).  Instead, the affidavit must demonstrate that the plaintiff, "because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Martinez*, 364 F.3d at 1307.  However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014).  Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citing *Startti v. United States*, 415 F.2d 1115 (5th Cir.1969)).  The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

Pitts's financial affidavit states she is employed with an average monthly income of $1,800.  Doc. 4 at 1-2.  Pitts avers her monthly expenses for rent, utilities, food,

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez*, 364 F.3d at 1306 n.1.

medical, and transportation amount to $2,500.  *Id*. at 4-5.  Assuming Pitts's child and godchild are part of her household, Pitts's annual income of $21,600 falls below the federal poverty guideline for a household of three, which is $24,860.[2]  Accordingly, having read and considered Pitts's financial affidavit, the Court finds that Pitts is unable to pay the costs and fees associated with this lawsuit, and her motion to proceed IFP (Doc. 4) is **GRANTED**.

**B. Frivolity Review**

Because Pitts is pro se and proceeding IFP, the Court must review and dismiss her complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[3]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Nevertheless, Pitts is afforded some leeway because a pro se litigant's pleadings "are held to a less stringent standard than pleadings drafted by attorneys and

---

[2] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines.

[3] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*.*"  *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

will, therefore, be liberally construed." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008)).

Pitts alleges Defendant Macon Water Authority unjustly deprived her of her "rightful beneficial interest in coupon notes valued over $500."  Doc. 3 at 1.  As a result of which, Pitts claims she has a remedy under civil and criminal statutes, including 18 U.S.C. § 242 and the Truth in Lending Act.  Doc. 3 at 2-3.  She also claims relief under state law for defamation and breach of contract and the Fifth Amendment of the U.S. Constitution.  *Id*.  But criminal statutes such as 18 U.S.C. § 242 provide no civil cause of action or civil remedy.  *Smith v. Mut. Sav. Life Ins.*, 2014 WL 2991091, at *2 (N.D. Fla. July 2, 2014) (collecting cases).  As for the civil statute Pitts cites, her state law and constitutional claims, Pitts's allegations are conclusory at best, and incomprehensible at worst.  *See* Doc. 3 at 2-3.  While Pitts appears to be complaining of banking misconduct, Macon Water Authority is not a bank.[4]  Moreover, it is unclear what specific conduct Pitts contends was unlawful, why that conduct was unlawful, and how Pitts was injured as a result of that allegedly unlawful conduct.

Given Pitts's pro se status, however, the Court will afford her an opportunity to amend her complaint to state viable claims.  *See Duff v. Steub*, 378 F. App'x 868, 872

---

[4] Pitts alleges: "Plaintiff sent a coupon note and schedule fee multiple times to Defendant.  Defendant received the coupon note and denied plaintiff every time and cut water off.  As per the Federal Deposit Insurance Corporation (FDIC), all deposits are financial assets.  Once these funds are deposited into a bank, they are treated as accounts payable, thus establishing depositors as the bank's creditors."  Doc. 3 at 1.  She then states "Plaintiff received a letter from Defendant denying the payment, claiming that Plaintiff still owed money, and considering the payment as late.  This denial of payment adversely affected Plaintiff's credit score and creditworthiness."  *Id.*  Thus, it appears Pitts claims that denying an unspecified coupon as payment for her water bill is somehow unlawful.

(11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it."). The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

In the "statement of claims" section of her amended complaint, Pitts must link any claims she makes to the named defendant. If Pitts fails to link the named defendant to a claim, the claim will be dismissed; if Pitts makes no allegations in the body of her complaint against the named defendant, that defendant will be removed from the action and dismissed. Pitts must provide enough facts to plausibly demonstrate that the defendant's actions or omissions resulted in the violation of her rights under a specific law. It is also recommended that, when drafting his "statement of claims," Pitts list numbered responses to the following questions (to the extent possible) along with the name of the defendant:

(1) What did the defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Pitts injured as a result of the defendant's actions?

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Pitts's motion to proceed IFP (Doc. 4) is **GRANTED**.  Pitts is **ORDERED** to amend her complaint no later than **SEPTEMBER 27, 2023**.  Pitts's failure to fully and timely comply with this order may result in the dismissal of this action.

**SO ORDERED**, this 5th day of September 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
