IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHATORIA PITTS, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIVIL ACTION NO. 5:23-cv-302 (MTT) |
| MACON WATER AUTHORITY, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Pro se Plaintiff Shatoria Pitts filed this action and simultaneously moved the Court to proceed *in forma pauperis* ("IFP"). Docs. 3; 4. Along with granting Pitts IFP status, the Court screened her complaint pursuant to 28 U.S.C. § 1915(e). Because the Court concluded Pitts's complaint was deficient, she was ordered to amend and recast her complaint by September 27, 2023. Doc. 5. Pitts timely filed an amended complaint (Doc. 7), and the Court now screens her recast complaint pursuant to 28 U.S.C. § 1915(e). Because Pitts fails to state a plausible claim for relief, it is hereby **ORDERED** that her complaint be **DISMISSED** without prejudice.

### I.  DISCUSSION

Because Pitts is pro se and proceeding IFP, the Court must review and dismiss her complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"

*Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Nevertheless, Pitts is afforded some leeway because a pro se litigant's pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading."  *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008)).

According to Pitts, this is a civil action against Defendant Macon Water Authority "seeking declaratory relief and redress for violations of commercial rights under the Uniform Commercial Code (UCC), unjust enrichment, tortious interference with contractual relations, and infringements upon constitutional rights protected by the Fourth and Fifth Amendments to the United State Constitution."  Doc. 7 ¶ 1.  Pitts alleges that on May 23, 2023, she sent Macon Water Authority a coupon note and fee schedule as payment for her utility bill—which Macon Water Authority refused to accept.  *Id.* ¶ 6.  It is unclear whether there was more than one coupon.  Macon Water Authority failed to return or apply the coupon(s) to Pitts's account and ultimately shut off her water.  *Id.* ¶ 7.  Pitts claims this deprived her "of the [F]irst Amendment freedom to

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

exercise [the] religious right to cook, clean and drink" citing "Leviticus14 8-9[,] Exodus 19 10-11[,] Mark 7 2-4 [and] Proverbs 31 27-28." *Id*.  Pitts does not plausibly state a claim for relief under the First Amendment.  Discontinuing a utility service for nonpayment without more does not violate the Free Exercise Clause.

Second, Pitts alleges that the "coupons" were negotiable instruments constituting a valid tender under UCC § 3-603(b)—and despite her "valid tender," Macon Water Authority "persists in collection attempts, [while] retaining and profiting from [Pitts]'s property without just compensation, [in] violation of the Fifth Amendment's taking clause."  Doc. 7 ¶ 7a, 8, 10.  Apparently, Pitts thinks that failing to return or apply the May 2023 coupon(s) to her account violates the Takings Clause.  But Pitts fails to show Macon Water Authority is subject to the Fifth Amendment.  She alleges only that Macon Water Authority is a Water Company operating in Macon, Georgia.  *Id.* ¶ 5.  Because Pitts's claim for unjust enrichment is also based on the failure to provide just compensation under the Fifth Amendment (*Id.* ¶ 20), that claim fails too.  *See*, *e.g.*, *Gwinnett Cnty. v. Netflix, Inc.*, 367 Ga. App. 138, 150, 885 S.E.2d 177, 187 (2023) (holding that because "Defendants were not obligated to pay franchise fees to the Appellants … it necessarily follows that the Defendants were not unjustly enriched by their failure to pay such fees.").

Finally, Pitts "seeks a declaratory judgment defining the rights and responsibilities of the involved parties regarding the negotiable instrument and coupon, declaring that the instrument was valid and have been accepted by the defendant."  Doc. 7 ¶ 12.  Pitts does not plead any facts indicating the "coupons" she refers to amount to promissory notes under Article 3 of the UCC.  The complaint refers

to no other document except for an unspecified fee schedule. Pitts's tortious interference of contract claim fails for the same reason—among others.[2] And, as the Court already explained to Pitts, her breach of contract claim, which relies on principles applicable only to creditors, fails because Macon Water Authority is neither a bank nor a lender. *See* Doc. 5 at 4 ("While Pitts appears to be complaining of banking misconduct, Macon Water Authority is not a bank."). And Pitts fails to allege any facts to the contrary.

## II. CONCLUSION

Because Pitts fails to state a plausible claim for relief, it is hereby **ORDERED** that her complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915. The Court further certifies an appeal would not be taken in good faith because there are no non-frivolous issues to raise on appeal. *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED**, this 1st day of November, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Specifically, Pitts alleges that "[t]he Defendant's denial of Plaintiff's valid instrument represents a willful interference with the Plaintiff's contractual relations, causing harm and financial loss." *Id.* ¶ 17. But Pitts does plead any facts establishing a valid or negotiable instrument.